Cheshire
Nos. 98-517
98-547

STATE OF NEW HAMPSHIRE

v.

RICHARD TIMMONS

STATE OF NEW HAMPSHIRE

v.

MELISSA NASON

July 5, 2000

*Philip T. McLaughlin*, attorney general (*Brian R. Graf*, senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, and *Carl Olson*, assistant appellate defender, of Littleton (*Mr. Duggan* on the brief, and *Mr. Olson* orally) for the defendants.

GRAY, J. The defendants, Richard Timmons and Melissa Nason, appeal the Superior Court's (*Morrill*, J.) partial imposition of their deferred sentences, arguing that the trial court erred in finding that

they did not comply with the cooperation agreements they entered into with the State. We affirm.

On October 25, 1995, the New Hampshire Drug Task Force executed a search warrant at the defendants' residence in Gilsum and seized 26.87 pounds of marijuana from a van that was parked in the defendants' driveway. Both defendants agreed to cooperate with the drug task force, signing cooperation agreements on October 26, 1995, and further agreements to cooperate in January 1996. In addition, Nason signed several one-party consent forms so that her telephone conversations with Arnold Fish and her sister, Laurie Nason, could be tape recorded by the police. As a result of the defendants' cooperation, several individuals including Nason's sister and Timmons' brother were convicted on drug-related charges.

On October 16, 1996, the defendants both pled guilty to possession of marijuana with intent to sell. The Superior Court (*Galway*, J.) sentenced them to five to twenty years, deferred for one year, a $2,000 fine with $1,000 suspended, and three years probation. In consideration for the State's recommendation of a deferred sentence, the defendants signed another cooperation agreement in which they agreed "to continue to cooperate by testifying truthfully, if necessary, at any deposition or trial involving people who have been charged in the Drug Task Force investigation . . . ." At sentencing, both defendants were advised that they had the burden of filing petitions to suspend their deferred sentences and the burden of showing that they complied with the conditions of their deferred sentences.

On September 24, 1997, each defendant filed a motion to suspend deferred sentence. The State objected arguing, *inter alia*, that the defendants violated their cooperation agreements by testifying falsely. After an evidentiary hearing, the superior court denied the motions, finding that they had not demonstrated compliance with the cooperation agreements. Specifically, the court found that Nason executed a three-page affidavit, critical of law enforcement's conduct in her case, that damaged her credibility. The court also found that

> at separate hearings on the admissibility of co-conspirator's statements in *State v. Kenneth Short*, Cheshire County docket nos. 96-S-318/319, both the defendants, under oath, misidentified Kenneth Short. Kenneth Short was a co-worker of a friend of the defendants and in the summer of 1995 drove another drug dealer/customer of the defendants for a transaction at Swanzey Lake. The defendants ob-

served Mr. Short, knew who he was, yet at the hearing described someone else. As a result, the charges against Mr. Short were nol prossed.

Finally, [Timmons] testified at the same hearing that he was not at home when arrangements were being made by . . . Nason to sell forty to seventy pounds of marijuana to Jeffrey [Sevigne] for $50,000 and only heard about it secondhand. When, in fact, he had earlier admitted to the police he was present and had actually participated in preparations for the sale.

After denying the defendants' motions for reconsideration, the superior court imposed one year of the defendants' deferred sentences and suspended the remaining four years of the minimum sentences.

■ The legislature has vested in the trial court the power to adapt sentencing to best meet "the constitutional objectives of punishment, rehabilitation and deterrence." *State v. Burroughs*, 113 N.H. 21, 24, 300 A.2d 315, 317 (1973). The trial court has "broad discretion to assign different sentences, suspend sentence, or grant probation." *State v. Evans*, 127 N.H. 501, 505, 506 A.2d 695, 698 (1985). Therefore, a trial court's sentencing decision will only be overturned if an abuse of discretion is found. *See State v. W.J.T. Enterprises*, 136 N.H. 490, 496, 618 A.2d 806, 809-10 (1992). On appeal, we view the evidence in the light most favorable to the State, *State v. Woveris*, 138 N.H. 33, 34, 635 A.2d 454, 455 (1993), and uphold the superior court's findings unless they are unsupported by the evidence, *State v. Field*, 132 N.H. 760, 766, 571 A.2d 1276, 1280 (1990).

On appeal, the defendants contend that the superior court erred in finding that they failed to comply with their cooperation agreements. We need only address their argument that their inability to identify Short months after a drug sale was because they did not know him and did not have an adequate opportunity to see his face during the drug sale.

In *State v. Kenneth Short*, the defendants testified under oath that Short was not the man who had driven Jeffrey Sevigne to the drug deal at Swanzey Lake, testifying that the driver, unlike Short, had long, gray hair. Although the defendants maintain that their inability to identify Short was because they did not know him and did not have an adequate opportunity to see his face during the drug sale, the evidence viewed in the light most favorable to the State

152

supports the superior court's finding that the defendants knew who Short was.

First, after being given a grant of immunity, Short testified under oath that he had in fact driven Sevigne in a Taurus to the meeting at Swanzey Lake and that he had short, brown or black hair. Second, in January 1996 Nason provided the police with information about Short that was inconsistent with her testimony at the hearing. Nason told the police that Short had been involved in arranging, through another person, for her and Timmons to meet with Sevigne to discuss supplying him with marijuana. Nason also told the police that Short had driven Sevigne to the deal at Swanzey Lake.

Third, Timmons provided corroborating information to the police in January 1996. His description of the transaction at Swanzey Lake indicated that he exchanged bags with Sevigne while Short, the driver of the Taurus, stood near the front of his vehicle.

 Having determined that the trial court did not err in finding that the defendants testified falsely, we need not address the defendants' remaining arguments. All issues raised in defendants' notices of appeal but not briefed are deemed waived. *State v. Colbert*, 139 N.H. 367, 370, 654 A.2d 963, 965-66 (1995).

*Affirmed.*

BROCK, C.J., and HORTON and BRODERICK, JJ., did not sit; GRAY, J., retired superior court justice, and MCHUGH and GROFF, JJ., superior court justices, sat by special assignment under RSA 490:3; all who sat concurred.