Grafton
No. 2004-526

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH LeCOUFFE

Submitted: February 17, 2005
Opinion Issued: April 22, 2005

*Kelly A. Ayotte*, attorney general (*Dianne H. Martin*, attorney, on the brief), for the State.

*Joseph LeCouffe*, by brief, *pro se.*

*Christopher M. Johnson*, chief appellate defender, of Concord, on the brief, as *amicus curiae.*

DALIANIS, J. The defendant, Joseph LeCouffe, appeals an order of the Superior Court (*Burling*, J.) denying his motion to modify his sentence. We vacate and remand.

The defendant was convicted of burglary, *see* RSA 635:1 (1996), and aggravated felonious sexual assault, *see* RSA 632-A:2, I (1986) (amended 1992, 1995) on April 15, 1992. He is currently serving two consecutive seven and one-half to fifteen year sentences in New Hampshire State Prison.

In response to the defendant's June 6, 2002 motion for reduction of sentence, the Superior Court (*Smith*, J.) held: "Provisions of RSA 651 are waived. May reapply after completion of prison sex offender program." The defendant moved for reconsideration on the grounds that he had already completed the prison sex offender program. In its October 22, 2002 order on the motion to reconsider, the court indicated it had "misstated a requirement placed on defendant to achieve probation." The court stated:

> [The order] should have required [the defendant] to attend and complete Summit House.
>
> The Court correctly waived the provisions of RSA 651 to allow [the defendant] to come back before me immediately upon completing Summit House.
>
> The defendant must complete Summit House prior to petitioning this Court again for release.

The defendant was not allowed to enter the Summit House program, which was a substance abuse program, until he was within two years of his minimum parole date, March 23, 2007. Summit House, however, was terminated on June 1, 2003. Thereafter, the department of corrections created a new program, the Substance Abuse Services (SAS) program. The department of corrections indicated, in a notice issued to prisoners, that the SAS program would replace the Summit House program.

On February 29, 2004, the defendant once again moved to modify his sentence. He alleged that he had completed the SAS program, which he contended should be treated as the equivalent of completing Summit House under the October 22, 2002 order. Following a hearing, the Trial Court (*Burling*, J.) ruled as follows:

> At the Defendant's request, this Court (Smith, J.) on October 22, 2002 ordered that the Defendant attend and complete the Summit House program. In that Order, the Court waived the provisions of RSA 651 to allow the Defendant to come back before the Court immediately upon completing Summit House. "The Defendant must complete Summit House prior to petitioning this Court again for release."
>
> . . . .
>
> The Court notes that it is uncontroverted that the Level 2 Substance Abuse Services program now offered at the New Hampshire State Prison is an educational program and not a treatment program, and therefore, it is not equivalent to the Summit House program. Since the Defendant has not received a treatment program, this Court declines to suspend his sentence, after finding that he has neither attended [the] Summit House program nor attended an equivalent program.
>
> Accordingly the Defendant's Motion to Suspend all or a portion of his sentence is DENIED.

The court also denied the defendant's motion for reconsideration and supplemental motion for reconsideration.

The defendant makes three arguments on appeal. First, he argues that the court has placed an additional condition upon him before it will consider a request for modification or suspension of his sentence; namely, a condition that he complete a treatment program similar to the Summit House program. This additional condition, the defendant argues, violates due process and equal protection. Second, he argues that the court erred in not accepting his completion of the SAS program as fulfillment of the condition. Finally, he argues that the requirement that he complete a program which no longer exists in order to be eligible for parole, probation or a reduction of his sentence, violates equal protection and due process.

The State makes several arguments in response. First, the State argues that these issues were not preserved for appeal, as they were not timely raised below; second, that the October 22, 2002 order did not unconstitutionally augment the defendant's sentence; third, that the trial

court did not err by denying the defendant's motion to modify his sentence, because the defendant has no constitutional right to a modification of his sentence, and because the trial court has broad discretion in determining whether to modify a sentence; and fourth, that the trial court's order denying the defendant's motion to modify his sentence did not create an unconstitutional insurmountable barrier.

We first address the State's argument that these issues were not properly preserved for appeal. The State argues that if the treatment program condition imposed by the October 22, 2002 order unconstitutionally augmented the defendant's sentence, or was otherwise an unsustainable exercise of discretion, he should have objected to it on these grounds earlier. This argument misconstrues the procedural history of this case.

█ Initially, the recommendation that he complete the Summit House program was a boon to the defendant. RSA 651:20, at the time, allowed a state prisoner to petition the court to suspend his sentence every two years. RSA 651:20 (Supp. 1990) (amended 1992, 1994). The State concedes, without commenting on whether the trial court had authority to do so, that the trial court attempted to waive this statutory time limit in its October 22, 2002 order, by allowing the defendant to petition the court again upon completion of the Summit House program, which would have allowed the defendant to bring another petition for sentence modification sooner than statutorily permitted.

However, the benefit became a burden—an additional requirement attached to the defendant's sentence—when the trial court later relied upon it to deny the defendant's motion to suspend his sentence. The court's order of June 8, 2004 was the first time the court used the defendant's failure to complete a treatment program to deny his request for a suspended sentence. The defendant urged the trial court to reconsider its motion, and properly raised for the trial court the issues before us today. Therefore we hold that the defendant has preserved these issues for appeal.

We now turn to the defendant's arguments. The defendant first argues that the additional condition imposed by the court's order violates due process and equal protection under both the State and Federal Constitutions. We first address these claims under the State Constitution, and cite federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231-33 (1983).

■ Due process requires a sentencing court to make clear *at the time of sentencing* in plain and certain terms what punishment it is exacting, as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified. The sentencing order must clearly communicate to the defendant the exact nature of the sentence. *State v. Burgess*, 141 N.H. 51, 52 (1996). Thus, unless the terms of a sentence at the time it is imposed specifically allow augmentation at a later date, the court may not increase a defendant's penalty at a probation revocation hearing or a hearing on whether to impose a deferred or suspended sentence. *Id.*

However, the order of June 8, 2004, did not augment the defendant's sentence in violation of due process. While we have found that when a trial court retains the power to impose incarceration at a later time, the defendant has been afforded liberty, albeit conditional, which may not be revoked without due process, *Stapleford v. Perrin*, 122 N.H. 1083, 1088 (1982), "[i]t is quite another matter ... to hold that an *incarcerated* defendant has an equal liberty interest in *gaining* his freedom. There is a crucial distinction between being deprived of a liberty one has ... and being denied a conditional liberty that one desires." *State v. Gibbons*, 135 N.H. 320, 321 (1992) (quotation omitted).

■ The June 8, 2004 order did not augment the defendant's sentence; rather, it denied the defendant's request for suspension of his sentence. Therefore, we find that the trial court's order did not violate the defendant's due process rights under the State Constitution. *See Stapleford*, 122 N.H. at 1088. Because the defendant failed to adequately brief or argue his equal protection claim, we decline to address it. *State v. Schultz*, 141 N.H. 101, 104 (1996).

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *State v. Burgess*, 141 N.H. at 52; *Sattazahn v. Pennsylvania*, 537 U.S. 101, 115 (2003). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

We next address the defendant's second and third arguments, that the trial court erred by not accepting his completion of the SAS program and that this error required him to participate in a non-existent program in order to be eligible for any relief from his sentence.

The State correctly asserts that the defendant has no right to a suspension of any remaining portion of his sentence, and that the trial court has broad discretion in deciding whether or not to grant a motion to

suspend a sentence. Therefore, a trial court's sentencing decision will be overturned only if an unsustainable exercise of discretion is found. *State v. Timmons*, 145 N.H. 149, 151 (2000); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). The defendant has no right to early release from his sentence. *State v. Carter*, 146 N.H. 359, 362 (2001).

In *Cable v. Warden, N.H. State Prison*, 140 N.H. 395, 397 (1995), we found that the parole board has the independent authority to require a prisoner to complete the prison's sexual offender program prior to being released on parole. We found that this requirement did not constitute augmentation of the prisoner's sentence, because the prisoner's refusal to participate in the program results only in his serving the full sentence handed down by the sentencing court. *Id.* at 398. The State urges us to apply this analysis to a trial court's decision to suspend a sentence.

■ We agree with the State that the trial court may impose conditions upon a defendant when deciding whether to suspend all or part of a defendant's sentence. *See Stapleford*, 122 N.H. at 1087. We now hold that a trial court, upon review of a timely-filed motion to suspend a sentence currently being served, may similarly impose conditions precedent to its grant of the defendant's request because such conditions would not augment the defendant's sentence, but, instead, would afford him an opportunity to reduce it.

However, we agree with the defendant that the trial court's reliance upon the October 22, 2002 order to deny the defendant's motion was an unsustainable exercise of discretion because the trial court may not impose *impossible* conditions upon a defendant's motion for suspension of his sentence. The legislature has vested in the trial court the power to adapt sentencing to best meet the constitutional objectives of punishment, rehabilitation and deterrence. *Timmons*, 145 N.H. at 151. Imposing an impossible condition upon a motion to modify a defendant's sentence does not accord with these objectives.

The condition that the defendant complete a treatment program before his sentence may be suspended is impossible, because the department of corrections does not currently offer such a program. The trial court found that the SAS program did not satisfy the requirements of the October 22, 2002 order to complete Summit House because it was an educational program, not a treatment program. The department of corrections does not offer another substance abuse treatment program. Thus, the trial court made it impossible for the defendant to meet the conditions of the

October 22, 2002 order. The defendant cannot complete a program which does not exist.

■ We hold, therefore, that the trial court erred when it denied the defendant's motion to suspend his sentence, because the trial court cannot rely upon non-performance of an impossible condition in order to deny a defendant's request to suspend his sentence. This holding does not mean that the defendant is entitled to a suspension of his sentence, however. It means only that it was an error for the trial court to rely upon his failure to complete the Summit House program, or an equivalent program, as a basis for its denial.

■ The terms of a criminal defendant's sentence, particularly those addressing when he is allowed to bring petitions to suspend his sentence, are governed by the statutes in effect when he committed his crime. *See State v. Reynolds*, 138 N.H. 519, 522-23 (1994). The defendant committed his crimes in 1990, and the version of RSA 651:20 in effect at the time allowed state prisoners to bring petitions to suspend their sentences every two years. RSA 651:20. Following the rule laid out in *Reynolds*, the defendant's sentence is governed by the 1990 version of RSA 651:20. He is, therefore, entitled to petition the court for suspension of his sentence every two years.

The defendant filed a motion for reduction of sentence on June 6, 2002. Even if we assume that the trial court was incorrect in its attempt to waive the provisions of RSA 651:20 in its August 26, 2002 order, the defendant is still entitled to have the trial court consider his motion to modify his sentence. Though he may not have been legally permitted to file another petition as early as February 29, 2004, the order issued in response to that petition was flawed for the reasons stated above. The defendant would have been permitted by RSA 651:20 to file another petition on June 6, 2004. As this case is remanded for a new hearing, we note that the hearing on remand is within the statutory time limits.

*Vacated and remanded.*

BRODERICK, C.J., and NADEAU, DUGGAN and GALWAY, JJ., concurred.