Merrimack
No. 2004-659

### THE STATE OF NEW HAMPSHIRE

v.

### BRYAN C. TAYLOR

Argued: September 15, 2005
Opinion Issued: November 15, 2005

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Andrew Winters*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

NADEAU, J. The defendant, Bryan C. Taylor, appeals his conviction of two counts of possession of a firearm by a felon. *See* RSA 159:3 (2002). On appeal, he contends that the trial court erred in sentencing him to the mandatory minimum sentence of three to six years pursuant to RSA 651:2, II-g (Supp. 2004). We vacate the sentence and remand for resentencing.

The limited record reflects the following facts. On October 16, 2003, the defendant was indicted on two charges of being a "felon in possession." *See* RSA 159:3. Indictment 03-S-1521 alleged that he had under his control a Marlin .22 rifle on or about August 30, 2003, while at 15 Loudon Road in Concord. Indictment 03-S-1522 alleged that he had under his control a .38 Colt Special at the same time and place.

The defendant pled guilty to both indictments in Superior Court (*Fitzgerald*, J). Prior to sentencing, both parties submitted memoranda regarding whether the mandatory minimum sentencing provision of RSA 651:2, II-g was applicable. The court held that the provision was applicable and sentenced the defendant to three to six years in State prison, stand committed. This appeal followed.

On appeal, the defendant argues that "[t]he indictments to which [he] pled guilty did not allege that he possessed, used or attempted to use a firearm, [as required by statute]. Rather, the indictments alleged that he had the firearms under his control," and therefore the trial court erred in applying RSA 651:2, II-g.

The State contends that the defendant failed to preserve this statutory argument on appeal and that we should therefore decline to review it. In response, the defendant argues that if we find the issue presented in his brief was not preserved, we should review his sentence for plain error.

██ It is not necessary for us to determine whether the defendant preserved this issue on appeal because we would review the issue under our recently adopted plain error rule, which allows us to consider an error that affects substantial rights even though not raised by either party. *See* SUP. CT. R. 16-A. The rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result. *State v. MacInnes*, 151 N.H. 732, 736-37 (2005). Under our rule, we consider the following four elements: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* at 737; *see Johnson v. United States*, 520 U.S. 461, 466-67 (1997). As explained below, we conclude that the trial court's application of the mandatory minimum sentencing provision of RSA 651:2, II-g constitutes plain error.

On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Sullivan*, 144 N.H. 541, 543 (1999). When interpreting two statutes that deal with similar subject matter, we will construe them so that they do not contradict each other, and so that they will lead to reasonable results and effectuate the legislative purpose of the statute. *Id.*

RSA 159:3, I(a) provides, in part, that a person is guilty of a class B felony if he "[o]wns or has in his possession or under his control, a pistol, revolver, or other firearm, or slungshot, metallic knuckles, billies, stiletto, switchblade knife, sword cane, pistol cane, blackjack, dagger, dirk-knife, or other deadly weapon." RSA 651:2, II-g provides, in part, that "[i]f a person is convicted of a felony, an element of which is the possession, use or attempted use of a deadly weapon, and the deadly weapon is a firearm ... [t]he person shall be given a minimum mandatory sentence of not less than 3 years' imprisonment for a first offense." The defendant contends that because the indictments to which he pled guilty charged him with having

firearms under his control and not in his possession, the mandatory minimum sentencing provision of RSA 651:2, II-g was inapplicable.

■ We presume that the legislature does not enact unnecessary and duplicative provisions. *State v. Gifford*, 148 N.H. 215, 217 (2002). Therefore, in looking at the plain language of RSA 159:3, the words "under his control" and "in his possession" have independent meanings. The plain language of RSA 651:2, II-g makes clear it applies to the possession, use or attempted use of a firearm. Nowhere in the indictment was it alleged that the defendant possessed, used or attempted to use a firearm. The indictments alleged that the defendant had such firearms "under his control." Thus, the trial court erred in applying the mandatory minimum sentencing provision of RSA 651:2, II-g.

Here all four elements of the plain error rule have been met. First, after a review of the statute and indictment, we find that the trial court's application of the mandatory minimum sentence provision was error. Second, this error was plainly evident from comparing the plain language of RSA 651:2, II-g and the indictment. Thus, because the sentence was illegal, the third and forth elements of the rule have been satisfied. *See United States v. Pawlinski*, 374 F.3d 536, 541 (7th Cir. 2004) ("[t]he entry of an illegal sentence is a serious error routinely corrected on plain-error review").

Accordingly, we vacate the defendant's sentence and remand for resentencing.

> *Sentence vacated and remanded for resentencing.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.