Rockingham
No. 2009-811

THE STATE OF NEW HAMPSHIRE

v.

STEVEN MERRILL

Argued: May 4, 2010
Opinion Issued: June 30, 2010

*Michael A. Delaney*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the brief and orally), for the State.

*Jeffco & Starbranch*, of Portsmouth (*Harry N. Starbranch, Jr.* on the brief and orally), for the defendant.

DUGGAN, J. This is an interlocutory appeal from an order of the Superior Court (*Nadeau*, J.) granting defendant Steven Merrill's request to find him not chargeable with a probation violation. *See* SUP. CT. R. 8. We reverse and remand.

The record supports the following. On December 7, 2007, the defendant pleaded guilty in the Superior Court (*Nadeau*, J.) to two counts of possession of child pornography. *See* RSA 649-A:3 (2007). The trial court sentenced him to a term in the Rockingham County House of Corrections and three years probation "upon the usual terms of probation and any special terms of probation determined by the Probation/Parole Officer." The trial court ordered the defendant "to participate meaningfully [in] and complete any counseling, treatment and educational programs as directed by the correctional authority or Probation/Parole Officer." The trial court added specific terms of probation requiring the defendant "to obtain [a] sex offender evaluation within 60 days of release and follow all recommended treatment," and ordered that he "have no unsupervised contact with children under the age of sixteen."

Following his release from the house of corrections in April 2008, the defendant met with a probation officer, and reviewed and signed a Terms and Conditions of Adult Probation form. In addition to the specific conditions of probation imposed by the trial court, the probation officer added a condition that the defendant have "no computer access," except for work purposes. Presumably the probation officer added this condition because during the investigation into the underlying offense, the defendant commented that he wanted to view child pornography only after viewing adult pornography on his computer.

In December 2008, two probation officers conducted a random visit and inspection of the defendant's home. They found a desktop computer and seized it. The defendant was arrested after a preliminary forensics examination of the computer revealed that it contained images of child pornography. One of the probation officers filed a violation of probation against the defendant, alleging that he had violated several conditions of his probation, including the condition that he have no computer access.

The defendant moved for a finding of not chargeable on the violation of the computer access condition, arguing that probation officers do not have the authority "to impose additional terms of probation." The trial court granted the defendant's request, and the State moved for an interlocutory appeal. The trial court granted the State's request and certified the following questions:

A. Whether probation officers have the authority to impose additional conditions of probation that are reasonably and particularly related to the goals of probation where that authority is specifically recognized in Superior Court Rule 107 and impliedly recognized in RSA 504-A:12, which gives probation officers the power and duty to take actions required to assist probationers in establishing law-abiding lives, and whether such authority violated the separation of powers clause of the New Hampshire constitution.

B. Whether defendants are given sufficient notice under the Due Process Clause of the New Hampshire Constitution that the sentencing court may later modify their sentences or impose additional punishment if they violate special conditions of probation imposed after sentencing by their probation officers where Rule 107, sentencing courts' statements, and mittimuses give defendants notice that probation officers may later impose special conditions of probation, and where the Terms And Conditions Of Probation forms signed by defendants give them actual notice of those special conditions.

█As a preliminary matter, the State argues that we should review these questions under a plain error standard because the defendant failed to object to the imposition of the condition of probation in a timely manner. Specifically, the State argues that the defendant failed to challenge the computer access condition in superior court at the time the probation officer imposed it. We require parties to make a contemporaneous objection to afford the trial court an opportunity to rule upon issues and correct errors. *See State v. Brum*, 155 N.H. 408, 417 (2007). Here, the trial court ruled on the issue when it was first presented with it. The State cites no cases in which we have required a defendant to object to a condition of probation at the time the probation officer reviews the Terms and Conditions of Adult Probation form. We see no reason to do so here, and, therefore, conclude that the questions are properly before us on review.

We turn now to the first certified question. Relying upon the language of RSA 504-A:12 (2010), the defendant argues that because only the trial court has the authority to impose additional conditions of probation, allowing probation officers to do so violates the Separation of Powers Clause of the State Constitution. The State counters that Superior Court Rule 107(l) and RSA 504-A:12 grant probation officers the authority to impose special conditions of probation. The State also argues that sentencing is a shared function of the judicial, executive, and legislative branches.

We first address the defendant's argument that probation officers do not have the authority to impose additional conditions on probation. This requires us to interpret RSA chapter 504-A, RSA 651:2, I, and Superior Court Rule 107. The interpretation of a statute is a question of law, which we review *de novo*. *State v. Kousounadis*, 159 N.H. 413, 423 (2009). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* We interpret a statute in the context of the overall statutory scheme and not in isolation. *Id.*

RSA 651:2, I (2007) provides that persons convicted of felony offenses "may be sentenced to . . . probation." RSA 651:2, V(a) further provides that "[a] person may be placed on probation if the court finds that such person is in need of the supervision and guidance that the probation service can provide under such conditions as the court may impose."

RSA 504-A:12 delineates the powers and duties of probation and parole officers.

> II. To take charge of and to provide supervision to persons placed on probation, parole, or lifetime supervision, attempting to assist them in establishing law-abiding lives while monitoring their behavior through office, home, work, and other contacts to insure that they comply with their probation, parole, or lifetime supervision conditions.
>
> III. To report promptly to the appropriate court or the parole board violations of probation or parole conditions which are required by statute, the parole board, or the court or which, in the opinion of the officer, are serious enough to warrant consideration by the authority authorizing probation or parole. Such reports shall include recommendations as to any actions which the officer believes to be appropriate.

"Probation conditions" are those "restrictions and limitations established by the court for the conduct and behavior of a probationer." RSA 504-A:1, VII.

■ Superior Court Rule 107 sets forth the terms and conditions of probation, and provides that probationers shall comply with "any other, special conditions as may be imposed by the Court, the parole board or the probation or parole officer." SUPER. CT. R. 107(l). This rule contemplates that probation officers may set probation conditions, in addition to the standard ones which probationers must follow.

■ The statutory language indicates the legislature has given "the court" the authority to establish probation conditions. Here, the mittimus states that the defendant is to be placed on probation upon "any special terms of probation determined by the Probation/Parole officer." Thus, the sentencing court in effect imposed the computer access condition, and it is a "probation condition" as defined by RSA 504-A:1, VII. Therefore, we reject the defendant's argument and conclude that the probation officer had the authority to impose additional conditions on probation.

We next address the defendant's argument that the addition of a probation condition by a probation officer violates the separation of powers guaranteed by Part I, Article 37 of the State Constitution because the executive branch is encroaching upon the judiciary's role in sentencing. The State counters that this does not violate the separation of powers and any delegation by the judiciary is lawful.

■ The separation of powers among the legislative, executive and judicial branches of government is an important part of its constitutional fabric. *Duquette v. Warden, N.H. State Prison*, 154 N.H. 737, 746 (2007). Part I, Article 37 of the State Constitution provides, in pertinent part: "In the government of this state, the three essential powers thereof, to wit, the legislative, executive, and judicial, ought to be kept as separate from, and independent of each other, as the nature of a free government will admit." We have recognized, however, that the three branches of government, while distinct, must "move in concert" whenever possible, as the practical and efficient operation of government is not served by the erection of "impenetrable barriers between the branches." *Petition of N.H. Bar Assoc.*, 151 N.H. 112, 116 (2004) (quotation omitted). The doctrine of separation of powers is violated only when one branch usurps an *essential* power of another. *Duquette*, 154 N.H. at 747. When the actions of one branch of government defeat or materially impair the inherent functions of another branch, such actions are unconstitutional. *N.H. Bar Assoc.*, 151 N.H. at 116.

■ Although sentencing is an exclusively judicial function, *Bussiere v. Cunningham, Warden*, 132 N.H. 747, 755 (1990), the executive and legislative branches participate in the sentencing process. For example, the legislature may constrict the independent exercise of judicial discretion in sentencing by imposing mandatory sentences or circumscribing the court's power to suspend a sentence. *Duquette*, 154 N.H. at 747; *State v. Dean*, 115 N.H. 520, 523 (1975). The executive branch can offer sentencing recommendations and enforces sentences imposed by the courts. *See, e.g.*, RSA 504-A:12, I, VII.

■ Here, the executive branch assists the judiciary, and does not usurp or detract from the power of the courts. *Cf. N.H. Bar Assoc.*, 151 N.H. at 118. The trial court retains the power to sentence defendants, and although the executive branch may be authorized by the court to impose conditions of probation, the judiciary retains the ultimate authority to review those conditions and to vacate them if they are unreasonable. Thus, the separation of powers is not violated by the judiciary's delegation of authority to probation officers to impose conditions of probation.

■ Moreover, we have recognized that probation officers need to "have a thorough understanding of the [probationer] and his environment, including his personal habits, his relationships with other persons, and what he is doing, both at home and outside it," and that "[i]t is equally important that this information be kept up to date." *State v. Zeta Chi Fraternity*, 142 N.H. 16, 29, *cert. denied*, 522 U.S. 995 (1997). Probation officers, however, do not have unlimited authority in this area, as conditions of probation must "further the rehabilitation or supervision of the defendant." *Id.* at 30. Here, the defendant told police officers that his urges to view child pornography always happen when he is at the computer looking at adult pornography. Therefore, the condition the probation officer imposed was reasonable because it was "essential to ensure the effective rehabilitation and supervision of the defendant." *Id.* at 31.

■ We now turn to the second certified question. We first consider the arguments under the State Constitution, using federal cases only to aid in our analysis. *State v. Ball*, 124 N.H. 226, 231-33 (1983). The defendant argues that the additional probation condition prohibiting him from using a computer except for work purposes violated his due process rights because it was not imposed at the sentencing hearing. Due process requires a sentencing court to clearly state at the time of sentencing, in plain and certain terms, what punishment it is imposing, the extent to which the court retains discretion to impose punishment at a later date, and under what conditions the sentence may be modified. *State v. LeCouffe*, 152 N.H. 148, 152 (2005). The sentencing order must clearly communicate to the defendant the exact nature of the sentence. *Id.*

■ Here, the imposition of the condition did not violate the defendant's due process rights. The trial court sentenced the defendant to three years of probation "upon the usual terms of probation and any special terms of probation determined by the [probation officer]." Because the defendant was aware at the time of his sentencing that he was to abide by the conditions of probation established by his probation officer, his due process rights were not violated. *See LeCouffe*, 152 N.H. at 152.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, HICKS and CONBOY, JJ., concurred.