Rockingham
No. 2012-195

### THE STATE OF NEW HAMPSHIRE

v.

### RYAN MARTIN

Argued: January 10, 2013
Opinion Issued: March 13, 2013

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*James B. Reis*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Ryan Martin, appeals a ruling of the Superior Court (*Delker*, J.) sentencing him to both a stand-committed prison term of one to three years and probation for two years. We affirm.

I

The defendant pleaded guilty to theft by unauthorized taking, *see* RSA 637:3 (2007), and pleaded true to violating probation after attempting to steal groceries from a Concord supermarket in October 2011. The former offense was a class B felony under RSA 637:11, II(b) (2007). The trial court sentenced him to one to three years of imprisonment and two years of probation "upon release." The defendant opposed the imposition of probation, arguing that it is "illegal . . . to impose a term of probation and a committed State prison sentence." The trial court disagreed, and this appeal ensued.

## II

The defendant first argues that the trial court "lack[s] statutory authority to impose a stand-committed prison sentence and a term of probation on the same charge." Accordingly, he contends that we "must vacate the sentence . . . and remand for resentencing."

RSA 651:2, I (2007) provides: "A person convicted of a felony or a Class A misdemeanor may be sentenced to imprisonment, probation, conditional or unconditional discharge, or a fine." Probation is available "if the court finds that such person is in need of the supervision and guidance that the probation service can provide under such conditions as the court may impose." RSA 651:2, V(a) (2007). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Duquette v. Warden, N.H. State Prison*, 154 N.H. 737, 740 (2007). We do not strictly construe criminal statutes, but rather construe them according to the fair import of their terms and to promote justice. *State v. Moran*, 158 N.H. 318, 321 (2009); *see* RSA 625:3 (2007).

Our precedents interpreting RSA 651:2 establish that a sentencing court "has broad discretion to assign different sentences, suspend [a] sentence, or grant probation in order to achieve the goals of punishment, deterrence, protection of society and rehabilitation." *State v. Evans*, 127 N.H. 501, 505 (1985); *cf. State v. Burroughs*, 113 N.H. 21, 24 (1973) (recognizing need for "options to adapt [a] sentence to a particular individual in the manner best suited to accomplish the constitutional objectives"). In *State v. Perkins*, for example, the trial court sentenced the defendant to the State hospital for one year — the statutory maximum — and placed him on probation for two years. *State v. Perkins*, 121 N.H. 713, 715 (1981). The defendant challenged the probation term, arguing that the imposition of the maximum term of incarceration eliminated any mechanism for enforcing the terms of probation. *Id.* We disagreed, explaining that, although the imposition of the maximum period of incarceration meant that "the defendant cannot be subjected to additional periods of incarceration for [the underlying] offense even if he violates probation," he could still be *fined* for violating probation because the trial court could have, but did not, impose the maximum fine. *See id.* at 715-16. We have subsequently cited *Perkins* for the proposition that "a trial court has discretion under RSA 651:2 to sentence a defendant to both the maximum term of imprisonment and probation." *State v. Hancock*, 156 N.H. 301, 304 (2007).

Similarly, in *State v. White*, the trial court sentenced the defendant, who had pleaded guilty to a class B felony, to twelve months in the house

of correction and two years of probation upon release. *State v. White*, 131 N.H. 555, 556 (1989). The court's sentencing order did not include a suspended sentence. *Id.* After serving the incarceration portion of his sentence, the defendant violated probation and, as a result, the trial court sentenced him to incarceration for an additional two-and-a-half to five years. *Id.* at 557. We upheld the sentence on appeal, explaining that "[s]tatutory law authorizes courts to impose fines or imprisonment upon probation violation up to the balance of the maximum which could have been imposed originally." *Id.* We also rejected the defendant's argument that the sentence for violating probation constituted an additional term of imprisonment without notice, reasoning that, in imposing incarceration for violating probation, the trial court merely "took the next step in the original sentencing process" that began at the first sentencing hearing. *Id.* at 558.

■ Our more recent decision in *Hancock* confirms that, within limits, sentencing courts have statutory authority to impose incarceration, a fine, probation, or a combination of the three. *Hancock*, 156 N.H. at 303. In *Hancock*, the defendant was convicted of a class A misdemeanor and received the maximum term of imprisonment, the maximum fine, and two years of probation. *Id.* at 302-03. We vacated the sentence under the plain error rule, explaining that, in order to impose probation, the trial court must "retain a portion of its sentencing power as an enforcement mechanism." *Id.* at 303-04. Because a trial court "may not sentence a defendant to [the statutory maximum fine and term of imprisonment] if it also imposes probation," *id.* at 303, it follows that the court *may* impose probation, in addition to a fine or imprisonment, so long as, and to the extent that, portions of the maximum fine or term of imprisonment remain unimposed.

■ Here, the trial court sentenced the defendant to one to three years imprisonment and no fine. The maximum sentence available for a class B felony is seven years imprisonment, RSA 651:2, II(b) (2007), and a $4,000 fine, RSA 651:2, IV(a) (2007). Because the trial court "retain[ed] a portion of its sentencing power as an enforcement mechanism," *Hancock*, 156 N.H. at 304, the court did not err in imposing probation.

To the extent that the defendant further suggests that a comparison of the parole and probation statutes indicates the legislature's intent to create mutually exclusive paths to rehabilitation of offenders, we reject such an interpretation in light of the foregoing discussion.

### III

Next, the defendant argues that his sentence violates the Separation of Powers Clause of the State Constitution. N.H. CONST. pt. I, art. 37. That clause states:

> In the government of this state, the three essential powers thereof, to wit, the legislative, executive, and judicial, ought to be kept as separate from, and independent of, each other, as the nature of a free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the constitution in one indissoluble bond of union and amity.

The defendant contends that "numerous conflicts arise when a court sentences a person to both a stand-committed prison term and probation on the same charge." He points out, for example, the possibility that, should he be released on parole, he would be subject to the terms of both parole and probation. In that scenario, he posits that the parole board may determine he is no longer in need of supervision, while the court may come to a different conclusion. He argues that "[t]hese conflicts present the situation that the Separation of Powers Clause was meant to prevent — that of one branch of government interfering with and superseding the essential powers of another branch." We review questions of constitutional law *de novo*. *State v. Ortiz*, 162 N.H. 585, 596 (2011).

■ ■ "The separation of powers among the legislative, executive and judicial branches of government is an important part of its constitutional fabric." *State v. Merrill*, 160 N.H. 467, 472 (2010). That said, "[w]e have recognized . . . that the three branches of government, while distinct, must move in concert whenever possible, as the practical and efficient operation of government is not served by the erection of impenetrable barriers between the branches." *Id.* (quotations omitted); *see United States v. Einspahr*, 35 F.3d 505, 507 (10th Cir. 1994) ("Criminal sentencing exists at a nexus where legislative, judicial and executive prerogatives intersect."). Accordingly, "[t]he doctrine of separation of powers is violated only when one branch usurps an *essential* power of another." *Merrill*, 160 N.H. at 472. "When the actions of one branch of government defeat or materially impair the inherent functions of another branch, such actions are unconstitutional." *Id.* Further:

> Although sentencing is an exclusively judicial function, the executive and legislative branches participate in the sentencing process. For example, the legislature may constrict the independent exercise of judicial discretion in sentencing by imposing mandatory sentences or circumscribing the court's power to suspend a sentence. The executive branch can offer sentencing recommendations and enforces sentences imposed by the courts.

*Id.* (citations omitted).

■ In no sense does the imposition of both a term of imprisonment and a term of probation constitute the usurpation by one branch of the essential powers of another. *See id.* To the contrary, should the defendant simultaneously be subject to the authority of both the executive branch, on parole, and the judicial branch, on probation, the branches' respective functions would remain unimpaired. *Cf. Klouda v. Sixth Judicial Dist. Dept.*, 642 N.W.2d 255, 263 (Iowa 2002) (striking down statute transferring power to revoke probation from legislative branch to executive branch). The judicial branch would retain the power to supervise the defendant during the period of probation, a function of the judiciary's sentencing power. The executive branch, however, would retain the power to do so during the period of parole.

■ We recognize that because the two periods may overlap there is a risk of inconsistent interpretation and application of conditions placed on the defendant. The parole board, for example, may see fit to permit the continuation of parole based upon the same set of facts that causes a judge to revoke probation. *See, e.g., State v. Lee*, 564 S.E.2d 372, 374 (S.C. Ct. App. 2002). We note also that as a matter of practice our superior court judges generally do not impose state prison sentences followed by periods of probation. Thus, in a case where the trial court concludes that a lengthy period of supervision is warranted, it can impose a longer maximum period of incarceration. Presumably, the historic sentencing patterns of the superior court account for the fact that this issue has never before been presented for our review. Moreover, we conclude that this is the better practice because it minimizes the risk of inconsistency, which may create unnecessary friction between the judicial and executive branches. Nonetheless, based upon the facts of this case, we conclude that the sentence imposed does not offend the constitutional doctrine of separation of powers.

*Affirmed.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.