Merrimack
No. 80-161

THE STATE OF NEW HAMPSHIRE

v.

NELSON E. PERKINS

August 10, 1981

714

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, assistant attorney general, on the brief and *Martha V. Gordon*, assistant attorney general, orally), for the State.

*James E. Duggan*, appellate defender, by brief and orally, for the defendant.

BROCK, J.  In this criminal case, the defendant, Nelson E. Perkins, was tried before a jury on a charge of aggravated felonious sexual assault, RSA 632-A:2 XI (Supp. 1979). The jury acquitted him of that charge but returned a guilty verdict on the lesser-included charge of sexual assault, RSA 632-A:4 (Supp. 1979), and the Trial Court (*Cann*, J.) deferred sentencing pending the defendant's evaluation at the New Hampshire Hospital. RSA ch. 173-A.

After the evaluation was completed, a sentencing hearing was held and the trial court found that the defendant was a dangerous sexual offender. RSA 173-A:2. The court sentenced the defendant to the forensic unit of the State hospital for a period of twelve months and placed him on probation for a period of two years. No part of the defendant's sentence was suspended.

On this appeal, the defendant claims that: (1) it was error for the trial court to sentence him to the maximum term of imprisonment provided by law for the offense of which he was found guilty and to a period of probation where none of the commitment was suspended; (2) the trial court improperly endorsed the victim's credibility before the jury; (3) there was insufficient evidence to support the finding that the six-year-old victim was competent to testify; and (4) there was insufficient evidence to support the finding that the defendant was a dangerous sexual offender.

■ It is not necessary to relate the details of the incident upon which the criminal charge against the defendant was based in order to discuss the merits of his appeal. We do note, however, that the police obtained a signed confession from the defendant while he was under investigation. The confession was introduced at trial, and when the defendant filed his notice of appeal in this court, he alleged that the confession should not have been admitted. In his brief, however, the defendant did not address this issue, and we, therefore, regard it as having been waived. Moreover, our review of the record reveals that there was more than sufficient evidence to establish, beyond a reasonable doubt, that this confession was given voluntarily, knowingly and intelligently by the defendant. *See State v. Gullick*, 118 N.H. 912, 915, 396 A.2d 554, 555–56 (1978).

The defendant first argues that the trial court could not lawfully impose a sentence of two years' probation when it had already imposed the maximum term of imprisonment for a misdemeanor, twelve months, with no part suspended. In support of his argument, the defendant claims "that probation, under such circumstances, lacks any enforcement mechanism and is therefore inconsistent with the statutory scheme [of RSA ch. 651]." We disagree.

■ The defendant was sentenced to a one-year term of imprisonment after being found guilty of a misdemeanor. Because that is the maximum term of imprisonment for a misdemeanor, RSA 651:1 II, the defendant cannot be subjected to additional periods of incarceration for this offense even if he violates probation. That is not to say, however, that a probation enforcement mechanism is not contemplated by RSA ch. 651. RSA 651:2 VII provides that

"[w]hen a probation is revoked . . . the defendant may be fined, as authorized by paragraph IV, if a fine was not imposed in addition to the probation. . . ." Under paragraph IV a defendant may be fined up to $1,000 for a misdemeanor. The court may, therefore, enforce the probationary period by imposing a fine, not to exceed a total of $1,000, upon the defendant if he violates the terms of his probation.

As an alternative argument, the defendant contends that if such a fine were subsequently imposed, in the event he violates the terms of his probation, this would constitute double jeopardy because a suspended fine was not part of his original sentence. The defendant argues that upon revocation of probation a court cannot add to the sentence it originally imposed and can only impose that portion of the sentence which was suspended under the terms of the original sentence.

In 1943, a similar double jeopardy issue was before the United States Supreme Court in the case of *Roberts v. United States*, 320 U.S. 264 (1943). The Court, however, did not reach the double jeopardy issue raised in that case concerning the imposition of a new or additional sentence upon revocation of probation but based its decision on its interpretation of the then applicable federal Probation Act. *Id.* at 265. In a dissenting opinion, however, Justice Frankfurter and two other justices addressed the double jeopardy issue and concluded that the fifth amendment prohibition against double jeopardy does not prevent the imposition of a new sentence after a defendant violates probation. *Id.* at 273–77 (Frankfurter, J., dissenting).

More recently, other courts have considered the question of whether a court may impose a new sentence upon a defendant who violates probation and held that a more severe sentence may be imposed when the defendant violates probation and that the courts are not limited to imposing only that portion of the original sentence which was suspended. *Williams v. Wainwright*, 493 F. Supp. 153, 155 (S.D. Fla. 1980); *State v. Jones*, 327 So. 2d 18, 20 (Fla. 1976); *Smith v. State*, 261 Ind. 510, 513–15, 307 N.E.2d 281, 283 (1974). We similarly hold that no violation of the fifth amendment bar against double jeopardy has occurred in the present case. In the event that the defendant here violates probation, however, the trial court cannot sentence him to additional periods of incarceration because he has been sentenced to the maximum period of incarceration for the crime involved.

The defendant's next issue on appeal is the trial judge's statement during trial, in finding the six-year-old victim competent to

testify, that "the court is satisfied that this witness will tell the truth." Defendant argues that the statement was highly prejudicial to him and constituted reversible error.

The defendant filed a pretrial motion for determination of the competency of this witness to testify. A hearing before *Souter*, J., resulted in a finding of competency. At trial, just before this witness was to testify, a bench conference was held concerning the administration of an oath to this witness and the court stated to counsel that "I think there ought to be some preliminary questions asked this girl as to whether she intends to tell the truth, if she knows the difference between right and wrong and importance to tell the truth." As a result, the prosecutor asked the girl several preliminary questions, eventually leading to the following colloquy:

> "Prosecutor: [C]an you tell the truth for us today?
>
> Witness: Mmmhmm, yup.
>
> The Court: For the record, the Court is satisfied that this witness will tell the truth.
>
> Prosecutor: Thank you, Your Honor.
>
> Defense Counsel: Your Honor, note my exception.
>
> The Court: Exception noted."

■ Taken in context, it is clear that the trial court's comment was intended as a statement indicating that the girl was legally competent to testify and not as one endorsing her testimony and its credibility. It is apparent that defense counsel took the comment in that light because he took only a *general* exception (preserving the defendant's objection to the determination that the girl was competent to testify) rather than a *specific* objection which would have enabled the trial judge to consider any specific error alleged and to take appropriate remedial measures. *See State v. Kelly*, 120 N.H. 904, 905, 424 A.2d 820, 821 (1980). Therefore, the specific point now being argued by the defendant is not properly before us. *Wiggin v. Kent McCray Co.*, 109 N.H. 342, 345, 252 A.2d 418, 423 (1969).

■ The defendant next argues that it was error for the court to rule that the six-year-old victim was competent to testify. The question of the competency of a young child to testify, however, is one for the trial court to determine, and we will not disturb its determination absent an abuse of discretion. *State v. St. John*, 120 N.H. 61, 62–63, 410 A.2d 1126, 1127 (1980).

In this case, there was a pretrial hearing on this issue before *Souter*, J., and a separate determination by the trial court. In both

instances, the child was found competent to testify. On the basis of our review of the record, we conclude that there was ample evidence to support both of these judicial determinations.

■ ■ The defendant's final argument is that there was insufficient evidence for the trial court to find that the defendant was a dangerous sexual offender. RSA 173-A:2. In making its finding, the trial court ruled that it was convinced beyond a reasonable doubt that the defendant was a dangerous sexual offender even though the court was aware that such a finding did not require that high a burden of proof. *Grindle v. Miller*, 119 N.H. 214, 218, 400 A.2d 787, 791 (1979). The defendant, nevertheless, argues that because both experts testified that, in their opinion, the defendant did not fall within the statutory definition of a dangerous sexual offender and that he did not, or at best did not intend to, inflict any physical harm on his victims, that the trial court could not find the defendant to be a dangerous sexual offender. We disagree.

In determining matters such as the defendant's mental state, we have repeatedly stated "that it is the judge [or trier of fact] who makes the decision and not the psychiatrist." *State v. Hudson*, 119 N.H. 963, 967, 409 A.2d 1349, 1351 (1979); *see State v. Rullo*, 120 N.H. 149, 152, 412 A.2d 1009, 1011–12 (1980). We again stress that it is the trial court, not the expert witness, that applies the statute, makes the necessary findings and applies the law.

With respect to whether the defendant presented a physical danger to his victim, the psychologist testified that persons suffering from the type of sexual deviation which the defendant experiences "are obviously dangerous to their victims." We have reviewed the entire record and find that it amply supports the trial court's findings.

In the context of the court's determination that the defendant was a dangerous sexual offender, the defendant suggests that, because both experts testified that he was not amenable to treatment, it was error for the court to find him to be a dangerous sexual offender and order treatment for that status. "This argument is without merit." *State v. Preston*, 121 N.H. 147, 152, 427 A.2d 32, 35 (1981).

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.