Hillsborough-northern judicial district
No. 2006-186

## THE STATE OF NEW HAMPSHIRE

v.

## RICHARD HANCOCK

Argued: June 14, 2007
Opinion Issued: October 16, 2007

*Kelly A. Ayotte*, attorney general (*Benjamin J. Agati*, assistant attorney general, on the brief and orally), for the State.

*Theodore Lothstein*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Richard Hancock, appeals his conviction by a jury and his sentence in Superior Court (*Barry*, J.) for misdemeanor simple assault. *See* RSA 631:2-a (2007). We affirm in part, vacate in part and remand.

The jury could have found the following facts: Two probation officers arrested the defendant in his home for violating the terms of his probation. During transport to the house of correction, he threatened to sue the officers and assaulted one of them, Officer Donald Valente.

The defendant was charged with misdemeanor simple assault. Later, he sued Valente civilly. At trial, defense counsel cross-examined Valente about the suit. Once Valente admitted he was aware of it, the trial court prevented further questioning about it. After the jury found the defendant guilty of simple assault, the trial court sentenced him to twelve months in jail, stand committed, a $2,000 fine and two years probation.

On appeal, the defendant argues that sentencing him to probation was plain error because the trial court left itself no sentencing power with which to enforce probation. The defendant also argues the trial court erred in limiting the scope of his cross-examination of Valente. We address each argument in turn.

The defendant asserts that, pursuant to RSA 651:2 (1996 & Supp. 2006) (amended 2006), a trial court cannot sentence a defendant to probation in addition to the maximum fine and maximum period of incarceration. He contends that the trial court must suspend a portion of the maximum sentence to permit future enforcement of compliance. The State argues that the sentencing parameters of RSA 651:2 are not exclusive and that trial courts have broad discretion to utilize alternative avenues of punishment, such as indirect criminal contempt, to punish probation violations. The defendant concedes that he did not raise this issue in the trial court, and, thus, it is not preserved for review. *State v. Blackmer*, 149 N.H. 47, 48-49 (2003). He asks the court to consider the issue under our plain error rule.

Under the plain error rule, we may consider errors not raised in the trial court. *See* SUP. CT. R. 16-A. "However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice

would otherwise result." *State v. Matey*, 153 N.H. 263, 266 (2006) (quotation and brackets omitted). To find error under this rule: "(1) there must be error; (2) the error must be plain, (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation omitted).

Resolving this issue requires us to look to the language of RSA 651:2 and our prior cases for guidance. In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Duquette v. Warden, N.H. State Prison*, 154 N.H. 737, 740 (2007). We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. *Id.*; *see* RSA 625:3 (2007).

Pursuant to RSA 651:1 (2007), "The provisions of [RSA chapter 651] govern the sentencing for every offense . . . , except as provided by RSA [chapter] 630." RSA 651:1, I. Trial courts have discretion to "assign different sentences, suspend sentence, or grant probation in order to achieve the goals of punishment, deterrence, protection of society and rehabilitation." *State v. Evans*, 127 N.H. 501, 505 (1985). However, "the discretion of the sentencing judge [is limited] to a choice of imprisonment, probation, conditional or unconditional discharge, or a fine." *Id.*; *see* RSA 651:2, I.

Under RSA 651:2, the maximum prison term for a class A misdemeanor is one year and the maximum fine is $2,000. RSA 651:2, II(c), IV(a). Probation is also available "if the court finds that such person is in need of the supervision and guidance that the probation service can provide under such conditions as the court may impose." RSA 651:2, V(a). For a class A misdemeanor, probation may not exceed two years. *Id.* The statute also provides how probation may be enforced: "When a probation . . . is revoked, the defendant may be fined, as authorized by paragraph IV, if a fine was not imposed in addition to the probation . . . . Otherwise the defendant *shall* be sentenced to imprisonment as authorized by paragraph II." RSA 651:2, VII (emphasis added).

We interpret RSA 651:2, VII to mandate that probation violations be enforced exclusively through imposing a fine, under RSA 651:2, IV, or imprisonment under RSA 651:2, II. Though the trial court has discretion to sentence a defendant to incarceration, impose a fine, or a combination of the two, it may not sentence a defendant to both statutory maximums if it also imposes probation.

This interpretation is consistent with our prior case law. In *State v. White*, 131 N.H. 555, 557-58 (1989), for instance, we upheld the sentence of

a defendant who was sentenced to incarceration when he violated probation. The defendant had previously been sentenced to less than the statutory maximum of imprisonment and no fine. *White*, 131 N.H. at 556-57. We explained that "[s]tatutory law authorizes courts to impose fines or imprisonment upon probation violation up to the balance of the maximum which could have been imposed originally." *Id.* at 557. "In this case, the trial court, having sentenced the defendant to less than the statutory maximum for the crime for which he had pled guilty, and having not levied any fine, retained jurisdiction to limit the defendant's liberty interest further because of the imposition of the two-year probation period." *Id.* at 558.

Similarly, in *State v. Perkins*, 121 N.H. 713, 715-16 (1981), we determined that a trial court has discretion under RSA 651:2 to sentence a defendant to both the maximum term of imprisonment and probation. The defendant had argued that sentencing him to probation was inconsistent with RSA chapter 651 because there was no mechanism to enforce probation. *Perkins*, 121 N.H. at 715. We disagreed, concluding that the enforcement mechanism for probation is provided by RSA 651:2, VII. *Id.* at 715-16. Further, we upheld the sentence because his original sentence did not include a fine and, thus, he could be fined if he violated probation. *Id.* at 716. We cautioned that "[i]n the event that the defendant here violates probation ... the trial court cannot sentence him to additional periods of incarceration because he has been sentenced to the maximum period of incarceration for the crime involved." *Id.*

Neither *Perkins* nor *White* specifically addressed whether probation violations may be punished outside of RSA 651:2. However, in both cases we made it clear that the trial court, under RSA 651:2, VII, is limited to enforcing probation only through retaining a portion of a defendant's maximum sentence. Accordingly, we conclude that the four elements of the plain error rule have been met here. A trial court must, in order to impose probation, retain a portion of its sentencing power as an enforcement mechanism. Having failed to do so in this case, the trial court erred. Given the language of RSA 651:2 and our case law, the error was plain.

The State argues that the trial court has broad discretion to structure sentences according to the needs of each case. In particular, the State argues that a trial court may use its *criminal contempt power to enforce probation.*

Criminal contempt is a sanction imposed by the trial court when a defendant has intentionally failed to comply with a valid order of which the defendant had knowledge. *Mortgage Specialists v. Davey*, 153 N.H. 764, 788 (2006). Contempt is either direct or indirect. *Id.* Direct contempt is

committed in the presence of the court and in its immediate view. *Id.* Indirect contempt is committed outside the presence of the judge, without the judge having personal knowledge of every element of contempt. *Id.* While direct contempt may be summarily punished, indirect contempt requires procedural formalities that afford the defendant due process. *Id.* Indirect criminal contempt is treated as a misdemeanor and the alleged contemnor must be accorded a jury trial if the trial court wishes to impose a sentence of greater than six months in the house of correction. *Id.* at 788-89.

■ We agree with the State that a trial court has broad discretion in sentencing. However, as we noted above, the trial court's discretion is limited to the authority it has been given by RSA 651:2. The legislature has not afforded trial courts discretion to punish a probation violation with contempt. We will not consider what the legislature might have said or add words to the statute that the legislature did not see fit to include. *State v. Simone*, 151 N.H. 328, 330 (2004).

■■ Further, the State's argument raises due process concerns. "[D]ue Process requires a sentencing court to make clear at the time of sentencing in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." *Crosby v. Warden, N.H. State Prison*, 152 N.H. 44, 46 (2005) (quotation omitted). In both *Perkins* and *White*, the defendants were put on notice of the trial court's continuing sentencing authority as well as the potential repercussions should they violate the terms of their probation. Here, no further penalty was ascertainable at the time of sentencing; in fact, there was uncertainty as to whether the defendant could be punished at all. Accordingly, we vacate the defendant's sentence and remand for resentencing consistent with this opinion.

We next turn to the defendant's assertion that the trial court erred in limiting the scope of his cross-examination. To the extent that he argues that this violated the State Constitution, he has failed to preserve this argument for our review. To preserve this issue, the defendant must: (1) raise it in the trial court; and (2) specifically invoke a provision of the State Constitution in his brief. *State v. Dellorfano*, 128 N.H. 628, 632 (1986). As the defendant has done neither, we will not perform a State constitutional analysis. *Id.* at 633.

To the extent that he argues that limiting the scope of cross-examination violated the New Hampshire Rules of Evidence, he has not fully briefed these arguments and we decline to consider them. *See Blackmer*, 149 N.H.

at 49. All issues raised by the defendant in his notice of appeal, but not briefed, are deemed waived. *State v. Mountjoy*, 142 N.H. 648, 653 (1998).

*Affirmed in part; vacated in part; and remanded.*

DUGGAN, GALWAY and HICKS, JJ., concurred.