Carroll
No. 2007-295

THE STATE OF NEW HAMPSHIRE

v.

RONALD LAMARCHE

Argued: March 20, 2008
Opinion Issued: May 30, 2008

*Kelly A. Ayotte*, attorney general (*Thomas E. Bocian*, attorney, on the brief and orally), for the State.

*McLetchie Law Office, PLLC*, of Ossipee (*Erland C. L. McLetchie* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Ronald Lamarche, appeals his conviction after a bench trial in Superior Court (*Fitzgerald*, J.) of one count of being in New Hampshire without permission while on probation in another state. *See* RSA 651-A:25, IX (2007). We affirm.

## I. Background

The record supports the following facts: On May 19, 2005, the defendant was sentenced in a Massachusetts court to one year of probation. On June 6, 2005, he reported to the Carroll County probation office for bail supervision in connection with separate New Hampshire charges. At that time, Chief Probation Officer Theresa Meyers realized that the defendant was on probation in Massachusetts and, pursuant to RSA 651-A:25, IX, ordered him to leave New Hampshire within seven days. She read the defendant a form entitled "NOTICE OF ORDER TO RETURN TO SENDING STATE," which informed him that he was required to leave New Hampshire within seven days and could not remain in the State without receiving permission from a "designated officer."

Approximately six months later, on January 21, 2006, the defendant was arrested in Ossipee for criminal trespass and resisting arrest. On February 22, 2006, he was arraigned on one count of being in this state while on probation and without permission ("parole of prisoners charge"). *See* RSA 651-A:25, IX. On June 20, 2006, the State entered a *nolle prosequi* on this parole of prisoners charge, over the defendant's objection, and went to trial on the criminal trespass and resisting arrest charges. The defendant was found guilty of both.

On July 7, 2006, the State re-indicted the defendant on the parole of prisoners charge. He was arraigned on the second parole of prisoners charge on July 26, 2006. The defendant was held in jail in lieu of bail from the arraignment until March 27, 2007, when he was convicted of the second parole of prisoners charge.

Before trial, the defendant moved to dismiss the second parole of prisoners charge on the grounds that RSA 651-A:25, IX was unconstitutionally vague and interfered with his constitutional right to travel, and that his right to a speedy trial had been violated. He also moved to quash the indictment, asserting that it was defective because it did not allege that he failed to leave the State within seven days after having been ordered to do so. The trial court denied all three motions, and this appeal followed. On appeal, the defendant challenges the denial of these motions.

To the extent that the defendant raises arguments under the State Constitution, we hold that he has failed to preserve them. To preserve a state constitutional claim, the defendant must: (1) raise it in the trial court; and (2) specifically invoke a provision of the State Constitution in his brief. *State v. Hancock*, 156 N.H. 301, 305 (2007). As the defendant has failed to do the latter, we will limit our analysis of his issues to the Federal Constitution. *See id.*

## II. Vagueness

The defendant first argues that RSA 651-A:25, IX is void for vagueness, both on its face and as applied. The constitutionality of a statute is a question of law, which we review *de novo*. *N.H. Dep't of Envtl. Servs. v. Marino*, 155 N.H. 709, 714 (2007). Because we conclude that the defendant has failed to develop his argument that the statute is facially invalid, we further limit our analysis to his as applied claim. *See In re Juvenile 2006-674*, 156 N.H. 1, 7 (2007). Additionally, although the defendant argues that the statute is vague either because it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or because it "authorizes or even encourages arbitrary and discriminatory enforcement," *Hill v. Colorado*, 530 U.S. 703, 732 (2000), he has failed to demonstrate that he raised his arbitrary and discriminatory enforcement claim in the trial court. Therefore, we address only whether RSA 651-A:25, IX is void for vagueness under the Federal Constitution because it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Id.*

"A party challenging a statute as void for vagueness bears a heavy burden of proof in view of the strong presumption of a statute's constitutionality." *State v. MacElman*, 154 N.H. 304, 307 (2006). A statute is not unconstitutionally vague as long as its prohibitions "are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973) (quotation omitted). "The underlying principle [of vagueness] is that no [person] should be held criminally responsible for conduct which he [or

she] could not reasonably understand to be proscribed." *Palmer v. City of Euclid*, 402 U.S. 544, 546 (1971) (quotation omitted).

RSA 651-A:25, IX provides:

> An individual who is on parole or probation in another state, who is present in this state without the permission of the officer of this state designated under paragraph V of this section, and who does not leave this state within 7 days after being notified in writing by a law enforcement officer that the individual may not remain in this state without the permission of the designated officer, is guilty of a class B felony.

The defendant argues that the statute does not indicate to persons of ordinary intelligence that, upon being told to leave New Hampshire because they are present in the state without permission from a designated officer, they may not re-enter the state without first obtaining permission. He asserts that the statute merely requires probationers or parolees to leave New Hampshire within seven days. As long as they do so, the defendant argues, they are not prohibited from being present in New Hampshire at a later time without permission.

■ We recognize that the statute does not expressly state that a probationer or parolee must obtain permission before re-entering the state after leaving within seven days. However, reading RSA 651-A:25, IX with an ordinary level of common sense, we conclude that the defendant's interpretation would lead to an absurd result. On its face, the statute is designed to ensure that probationers or parolees from out-of-state have permission from a designated officer to be in New Hampshire. If the statute only required individuals to leave the state without any restriction on when they could return, then the statute would only serve to force them out for only as long as it would take them to cross the border and re-enter the state. We conclude that no one of ordinary intelligence, told to leave New Hampshire because he or she does not have permission to stay, would believe that he or she may return to New Hampshire without permission.

## III. Sufficiency of the Indictment

■ The defendant next argues that the trial court erred in denying his motion to quash the indictment because it was insufficient. Under the Federal Constitution, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The indictment alleges:

> On or about January 21, 2006, . . . [the defendant] did commit the crime of **Parole of Prisoners** in that, while being on probation in the Commonwealth of Massachusetts, he was knowingly present in the State of New Hampshire after being notified in writing on June 7, 2005 by Chief Probation/Parole Officer Theresa Meyers, a law enforcement officer, and a designated officer pursuant to RSA 651-A:25, V, that he was required to leave this State within seven days and that he may not remain in this State without her permission.

The defendant argues the indictment was insufficient because it did not specify when the RSA 651-A:25, IX violation occurred. He contends that it was necessary for the indictment to specify a particular date because, as he interprets RSA 651-A:25, IX, he could only have violated the law if he failed to leave within seven days after having been told to leave. Accordingly, because the indictment alleges that the defendant was unlawfully present in New Hampshire on January 21, 2006, but does not allege that he was there because he failed to leave, he asserts that it is "defective and should be quashed." We disagree.

█ RSA 651-A:25, IX does more than require probationers or parolees to leave New Hampshire. It requires them to receive permission from a designated officer if they are present in the state past the seven-day window. Thus, it was not necessary that the indictment allege that the defendant failed to leave the state within seven days; it only needed to allege that he was in the state without permission more than seven days after he was told to leave. It did so. Because it spells out the elements of the statute, the indictment was sufficient to notify the defendant of the charges against him. We hold that the trial court did not err in denying the defendant's motion to quash the indictment.

*IV. Right to a Speedy Trial*

Finally, the defendant asserts he was denied his right to a speedy trial because the State entered a *nolle prosequi* in bad faith.

█ In determining whether a defendant's right to a speedy trial has been violated under the Federal Constitution, we apply the four-part test articulated in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). The test requires that we balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant caused by the delay. *Barker*, 407 U.S. at 530-32. We defer to the trial court's factual findings unless those

findings are clearly erroneous, and consider *de novo* the court's conclusions of law with respect to those factual findings. *State v. Allen*, 150 N.H. 290, 292 (2003).

The first factor, the length of the delay, is "to some extent a triggering mechanism": we do not consider the remaining factors unless the delay is presumptively prejudicial. *Barker*, 407 U.S. at 530. Because both parties agree that the delay is presumptively prejudicial, we assume without deciding that it is so. Accordingly, the defendant is entitled to review under the remaining *Barker* factors.

The second factor requires that we assess why the trial was delayed and how much weight to give the delay. *Id.* "[T]o the extent that valid reasons cause delay, the delay does not count against the state at all. So too delay that is caused by the defendant." *Rashad v. Walsh*, 300 F.3d 27, 34 (1st Cir. 2002) (citation omitted), *cert. denied*, 537 U.S. 1236 (2003).

The defendant argues that the entry of the *nolle prosequi* is the sole reason for the delay. The State disagrees, arguing that the defendant is partially responsible because he "sought a number of continuances and filed numerous *motions in limine* on the eve of trial." We cannot determine if the defendant is correct because he has failed to provide us with a record sufficient to decide this issue on appeal, which is his burden. *See Cecere v. Loon Mt. Recreational Corp.*, 155 N.H. 289, 298 (2007); *see also* SUP. CT. R. 13. We assume that the record supports the trial court's implied finding that this factor weighs in favor of the State. *See Nordic Inn Condo Owners' Assoc. v. Ventullo*, 151 N.H. 571, 586 (2004). Because the defendant has failed to demonstrate that the trial court committed any error of law, we assume that this factor weighs in the State's favor. *See N.H. Dep't of Envtl. Servs. v. Mottolo*, 155 N.H. 57, 63 (2007).

Under the third factor, we consider the strength of a defendant's assertion of his right to a speedy trial. *Barker*, 407 U.S. at 531-32. "The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant has been deprived of the right." *Id.* The defendant asserted his right to a speedy trial in a motion to dismiss on December 14, 2006. Accordingly, this factor weighs in his favor. However, he waited nearly six months from the time the State entered the *nolle prosequi* and approximately ten months from the date of his indictment to raise this claim. The fact that the defendant waited so long to pursue his right to a speedy trial means that although the factor weighs in his favor, it does not do so heavily. *See United States v. White*, 443 F.3d 582, 590-91 (7th Cir.), *cert. denied*, 127 S. Ct. 302 (2006).

■ The final factor requires us to determine whether and to what extent the defendant suffered prejudice, including whether the delay resulted in an oppressive pretrial incarceration, anxiety, or an impaired defense. *See id.* at 532. The defendant argues that the anxiety he suffered while incarcerated and awaiting disposition of his case demonstrates prejudice and weighs in his favor. However, the record reveals that he was incarcerated on other charges as well as the parole of prisoners charge until at least January 27, 2007, two months before the disposition of the second parole of prisoners charge. This substantially mitigates any prejudice attributable to his anxiety. He does not argue the most serious indication of prejudice: that the delay impaired his defense in any way. *Id.*

■ In balancing the four *Barker* factors, we conclude that the defendant was not denied his right to a speedy trial. Accordingly, we uphold the trial court's denial of the motion to dismiss.

To the extent that the defendant argues RSA 651-A:25, IX violates his right to interstate travel, he has not fully briefed this argument and we decline to consider it. *Hancock*, 156 N.H. at 305.

*Affirmed.*

BRODERICK, C.J., and GALWAY and HICKS, JJ., concurred.