Rockingham
No. 2009-878

THE STATE OF NEW HAMPSHIRE

v.

DAVID J. PANDELENA

Argued: October 14, 2010
Opinion Issued: December 22, 2010

*Michael A. Delaney,* attorney general (*Diana E. Fenton,* assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein,* deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. The defendant, David J. Pandelena, appeals the revocation of his driver's license by the Superior Court (*Nicolosi,* J.) upon a finding that he violated probation. *See* RSA 263:56-b, IV (Supp. 2009). We affirm.

In February 2009, the defendant was convicted of the sale of a controlled drug in violation of RSA 318-B:2 (2004), and he pleaded guilty to a charge of conspiracy to commit the sale of a controlled drug in violation of RSA 629:3 (2007). The trial court sentenced him to one to five years in state prison, with the maximum prison time suspended for five years, and awarded him pretrial confinement credit of 465 days. The defendant was also sentenced to five years of probation and a $1000 fine, which was suspended for a period of five years. The rules of his probation required that he submit to random urinalysis for drug testing, and that he be of good behavior, to include refraining from conduct resulting in his arrest. The defendant's *mittimus* further stated that: "Violation of probation or any of the terms of this sentence may result in revocation of probation and imposition of any sentence within the legal limits for the underlying offense."

In June 2009, the defendant was involved in a motor vehicle accident that resulted in his arrest for driving under the influence of drugs in violation of RSA 265-A:2 (Supp. 2009). In July 2009, a probation officer filed a notice of violation with the court relative to the defendant's arrest. A supplemental notice of violation was later filed based upon a urine sample from the defendant that tested positive for methadone. After an evidentiary hearing on November 9, 2009, the trial court concluded that the defendant violated the terms of his probation by engaging in illegal drug use and driving under the influence of drugs. Based upon these violations, the trial court sentenced the defendant to two and one-half to seven years in state prison, stand committed, with pretrial confinement credit of 598 days. In addition, pursuant to RSA 263:56-b, IV, the trial court ordered that the defendant's driver's license be suspended for a period of three years upon his release from prison. This appeal ensued.

The sole issue for our review is whether the trial court erred when it imposed a license revocation under RSA 263:56-b, IV as part of the defendant's probation violation sentence. As this question was not raised

below, the defendant relies upon the plain error rule in support of his argument that the trial court had no authority to order license revocation.

■ ■ Under the plain error rule, we may consider errors not raised before the trial court. *State v. Matey*, 153 N.H. 263, 266 (2006). "A plain error that affects substantial rights may be considered even though it was not brought to the attention of the trial court or the supreme court." SUP. CT. R. 16-A. "However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." *State v. Russell*, 159 N.H. 475, 489 (2009). To find plain error: "(1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* We have looked to federal plain error analysis in applying our plain error rule. *Id.* at 489-90.

Because a trial court's sentencing authority is statutory, we determine whether there was error by engaging in statutory interpretation. *See State v. Almodovar*, 158 N.H. 548, 552 (2009). "The interpretation of a statute is a question of law, which we review *de novo.*" *State v. Kousounadis*, 159 N.H. 413, 423 (2009). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Gallagher*, 157 N.H. 421, 422 (2008). "When the language of a statute is clear on its face, its meaning is not subject to modification." *State v. Crie*, 154 N.H. 403, 407 (2006).

RSA 263:56-b, IV provides:

> The driver's license of any person who is 18 years of age or older on the date of the incident, and who is convicted of the offense of sale or possession with intent to sell controlled drugs as defined in RSA 318-B:1 . . . may be revoked, at the discretion of the court, for any period of time, including for life. The court of relevant jurisdiction shall have the discretion to determine when the revocation shall begin.

Because the defendant was convicted under RSA 318-B:2 for the sale of a controlled drug, the trial court clearly had the statutory authority to revoke the defendant's license as part of his sentence for the drug conviction. Moreover, if the trial court had included the license revocation as part of the defendant's original suspended sentence, and later imposed that suspended sentence due to the defendant's probation violation, this would not have been error. *See* RSA 651:21 (2009) ("Upon revocation of any suspended sentence the court may order that the defendant serve such sentence in full or in such parts and at such times as is deemed best . . . ."). Nevertheless, because license revocation was not imposed as part of the defendant's

original suspended sentence, but rather, was imposed as part of his sentence for a probation violation, our inquiry does not end here.

■■ In *State v. Hancock*, 156 N.H. 301 (2007), we considered whether the trial court had the statutory authority to sentence a defendant to probation in addition to the maximum allowable fine and maximum allowable period of incarceration. In concluding that the trial court may not sentence a defendant to probation if it also imposes both statutory maximums, we looked to the language of RSA 651:2, VII (2007), which provides: "When a probation or conditional discharge is revoked, the defendant may be fined . . . if a fine was not imposed in addition to the probation or conditional discharge. Otherwise the defendant shall be sentenced to imprisonment . . . ." Because the trial court had imposed the maximum fine and maximum period of incarceration, there would have been no statutory mechanism to enforce probation. Thus, we interpreted RSA 651:2, VII to mandate that probation violations be punished "*exclusively*" through imposing a fine, under RSA 651:2, IV, or imprisonment under RSA 651:2, II." *Id.* at 303 (emphasis added); *see also* RSA 651:2, VII.

Despite this holding, the State argues that *Hancock* is not controlling on the issue of whether a civil penalty, such as a license revocation, is a permissible penalty for a probation violation. Specifically, the State argues that, when read in conjunction with RSA 263:56-b, IV (authorizing license revocation for certain drug offenses), RSA 651:1, II (2007) provides an exception to the express statutory limitation on probation violation sentences contained in RSA 651:2, VII. We disagree.

■■ RSA 651:1, II states:

> This chapter does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty. Any appropriate order exercising that authority may be included as part of the judgment of conviction.

In *State v. Buckingham*, 121 N.H. 339 (1981), we considered whether the trial court was statutorily authorized to revoke a defendant's license as part of a sentence for negligent homicide. In concluding that the trial court lacked such authority in the first instance, we noted that:

> The State argues that trial judges have the authority to suspend licenses by virtue of RSA 651:1, II, which provides that the chapter does not deprive courts of any lawful authority to cancel or suspend a license. This provision, however, grants no authority

to suspend or revoke licenses; it provides only that the chapter does not abridge such existing lawful authority derived from other sources.

*Id.* at 343 (holding that the language of former RSA 262-A:62, I (Supp. 1979) permitted license revocation only upon a jury finding that the negligent homicide occurred as a consequence of the defendant being under the influence of intoxicating liquor or a controlled drug). Although here we consider the trial court's sentencing authority for probation violations, rather than its sentencing authority for an underlying criminal conviction, the *Buckingham* analysis of RSA 651:1, II is nonetheless applicable. Accordingly, there must be statutory authority, apart from RSA 651:1, II, which permits the trial court to revoke a defendant's license for violating his probation. At the present time, no such statutory authority exists.

While RSA 263:56-b, IV does afford the trial court the authority to revoke a license upon a defendant's conviction for the sale of a controlled drug, nothing within the statute authorizes the trial court to impose a license revocation for a violation of probation. Moreover, as previously noted, RSA 651:2, VII provides that violations of probation may be punished only through the imposition of a fine or a term of imprisonment. *See Hancock,* 156 N.H. at 303; *see also* RSA 651:2, VII. "We will not consider what the legislature might have said or add words to the statute that the legislature did not see fit to include." *Hancock,* 156 N.H. at 305. Thus, the trial court's revocation of the defendant's license for violation of his probation was error.

We next consider whether the error was plain. *See Russell,* 159 N.H. at 489. "Plain is synonymous with clear or, equivalently, obvious." *United States v. Olano,* 507 U.S. 725, 734 (1993) (quotations omitted). "When the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error." *State v. Panarello,* 157 N.H. 204, 209 (2008). Our case law has not expressly reconciled the issue of the proper application of RSA 651:2, VII with the language regularly used in sentencing orders to the effect that "[v]iolations of probation or any of the terms of this sentence may result in revocation of probation and imposition of any sentence within the legal limits for the underlying offense." Accordingly, we hold that the error in this case was not plain.

In *State v. Matey,* 153 N.H. 263 (2006), the defendant was convicted of a class B felony for possession of a controlled drug. The defendant received a deferred sentence of imprisonment and was placed on probation for four years. *Id.* at 264. The defendant later violated his probation and, as a result,

the trial court sentenced him to prison for twelve months and probation for three years upon his release. *Id.* at 264-65. The defendant appealed, arguing that the trial court impermissibly extended his probation beyond the term initially imposed by the trial court for the underlying drug conviction. *Id.* at 265.

The State argued that under *State v. White*, 131 N.H. 555 (1989), a defendant who violates his probation "may legally be given any sentence within the statutory limits for the underlying offense, including not only a term of incarceration, but also an additional term of probation." *Matey*, 153 N.H. at 267. The defendant conceded that this would be true but for our decision in *State v. Ingerson*, 130 N.H. 112 (1987), in which we held that the trial court erred in calling forward indefinite sentences. *Matey*, 153 N.H. at 267-68. The defendant argued, based on *Ingerson*, that the subsequent increase in his probation effectuated an illegal increase in the call forward period for the underlying sentence of imprisonment. *Id.* at 268. Based upon a plain error analysis, we concluded that because we had never addressed the precise issue raised by the defendant, it was not plain error for the trial court to impose an additional term of probation as a sanction for the probation violation. *Id.* at 268.

Although *Matey* was decided prior to *Hancock*, it is not "obvious" that *Hancock* in fact overruled *Matey*. In *Hancock* the only sentence that could have been imposed to enforce probation was a fine or imprisonment. Thus, our holding in *Hancock* was arguably limited to its facts.

■■ ■■ We now clarify that the standard language included in a defendant's *mittimus* that "[v]iolations of probation or any of the terms of this sentence may result in revocation of probation and imposition of any sentence within the legal limits for the underlying offense," does not permit a trial court to sentence a defendant to anything other than a fine or imprisonment for a probation violation. A *mittimus* cannot confer on the trial court a sentencing power not granted to it by the legislature. *See Almodovar*, 158 N.H. at 552 ("A trial court's sentencing authority is statutory."). Further, in both *White* and *State v. Perkins*, 121 N.H. 713, 715-16 (1981), we underscored that the trial court, under RSA 651:2, VII, is limited to enforcing probation only through retaining a portion of a defendant's maximum sentence. *See Hancock*, 156 N.H. at 304. Thus, the trial court is statutorily empowered to sanction a probation violation by imposing a fine or imprisonment up to the legal limits for the underlying offense, if the trial court has, through the *mittimus* language, retained a portion of its sentencing power as an enforcement mechanism. *Id.*

*Affirmed.*

DALIANIS, C.J., and DUGGAN and HICKS, JJ., concurred.