# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0589, <u>State of New Hampshire v. Chris Bonollo</u>, the court on June 18, 2021, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). The defendant, Chris Bonollo, appeals a finding of guilty, following a bench trial, for violation-level criminal trespass. See RSA 635:2 (Supp. 2020). We construe the defendant's briefs to argue that the Circuit Court (<u>Vetanze</u>, J.) erred when it denied his motion to dismiss and found him guilty of criminal trespass, because: (1) he had not been served with the complaint and warrant in a timely manner; (2) his right to a speedy trial under the Federal Constitution[1] had been violated, <u>see</u> U.S. CONST. amend VI; and (3) the evidence was insufficient to support the trial court's determination that he was guilty of the offense. We affirm.

The pertinent facts are as follows. The incident giving rise to the criminal trespass charge occurred on October 13, 2018. On November 19, 2018, following an investigation, a deputy sheriff with the Carroll County Sheriff's Department swore to a complaint and arrest warrant alleging that the defendant, "knowing that he was not licensed or privileged to do so," remained upon private property in Tuftonboro, "against the peace and dignity of the State." At the time, the defendant lived in Goffstown, and the trial court found that "[t]he [d]eputy testified credibly that he traveled to Goffstown 2 or 3 times to attempt to make contact with the [d]efendant and serve the warrant and complaint. When that was not successful, he requested that the Goffstown Police Department complete that process." The defendant was eventually served with the complaint on September 5, 2019. On November 26, 2019, the State filed the complaint in circuit court, and the defendant was arraigned on January 15, 2020. On January 15, the defendant moved to dismiss the complaint on the grounds of "Hardship & time & delays," arguing that the complaint should be dismissed because of the delay between the date of the incident, the date the complaint was issued, and the date on which he was served, and because "[t]he complaint . . . had no case [number] or court date & time." He also argued that, given that this was only a violation-level offense, and given his personal difficulties in traveling from his home to the trial court, the court should dismiss the case. After the

---

[1] Because the defendant does not invoke Part I, Article 14 of the State Constitution on appeal, we limit our speedy trial analysis to the Federal Constitution. See <u>State v. Dellorfano</u>, 128 N.H. 628, 632-33 (1986).

arraignment, the trial court denied his motion "[without] prejudice to further argue the issue."

The trial in this matter was originally scheduled for April 2020, but was rescheduled due to the COVID-19 pandemic, and was eventually held in person on November 18, 2020. After the trial, at which the deputy, three civilian witnesses, and the defendant testified, the court found the defendant guilty of violation-level criminal trespass, and sentenced the defendant to pay a fine of $1,000 — of which $500 was suspended for one year — and a statutory penalty assessment of $240 — of which $120 was suspended for one year. The court also ordered that, for a period of one year, the defendant shall be of good behavior, have no contact with the witnesses, and shall not enter the property where the incident occurred. The defendant filed a motion for reconsideration, arguing that the case should have been dismissed "on the basis of lack of speedy trial," and because of the delays in filing and serving the complaint. His motion was denied, and this appeal followed.

We assume, without deciding, that the constitutional arguments raised by the defendant apply to a violation-level charge of criminal trespass. But see RSA 625:9, II(b) (providing that a violation does not constitute a crime); State v. Fitzgerald, 137 N.H. 23, 26-28 (1993) (setting forth the analysis for determining whether a statutorily defined penalty is criminal or civil in nature, and holding that certain traffic violations are civil in nature); cf. State v. Lake Winnipesaukee Resort, 159 N.H. 42, 49 (2009) (suggesting that speedy trial analysis is inappropriate for a civil violation).

In reviewing a trial court's ruling on a motion to dismiss based upon a denial of the right to a speedy trial, "we defer to the trial court's factual findings unless those findings are clearly erroneous, and consider de novo the court's conclusions of law in respect to those factual findings." State v. Locke, 149 N.H. 1, 7 (2002). "To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." State v. Cable, 168 N.H. 673, 677 (2016). "In such a challenge, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quotation and emphasis omitted). "Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo." Id. "We defer to the trial court's determinations of credibility unless no reasonable person could have come to the same conclusion after weighing the testimony." State v. Livingston, 153 N.H. 399, 402 (2006) (quotation omitted).

We first consider the defendant's argument that he had not been served with the complaint and warrant in a timely manner. He contends that, due to the deputy's "lack of due [diligence]," the complaint was not served on him until

2

approximately ten months after it had been issued; that there was "no legitimate purpose" for this delay; and that the deputy was "[negligent] in failing to apprehend [him] in a timely manner."

We have recognized that, although the right to a speedy trial has not yet attached, "an arbitrary delay between the time of an offense and the arrest or indictment of a defendant may result in a denial of due process." State v. Philibotte, 123 N.H. 240, 244 (1983). "The United States Supreme Court has directed that any [such] delay be evaluated in terms of the actual prejudice to the defendant and the reasons for the delay." Id. (citing United States v. Lovasco, 431 U.S. 783, 790 (1977); United States v. Marion, 404 U.S. 307, 324 (1971)). "The Supreme Court has recognized that the statutes of limitations provide the primary safeguard against the initiation of overly stale criminal charges." Id. "Because it can be presumed that timely prosecution has commenced if charges are brought within the applicable statute of limitations, the defendant must initially show that actual prejudice has resulted from a delay." Id. (citation omitted). "Once such a showing has been made, the trial court must then balance the resulting prejudice against the reasonableness of the delay." Id.

Here, the trial court analyzed whether the prosecution of the defendant was barred by the three-month statute of limitations. See RSA 625:8, I(d) (Supp. 2020). Because the prosecution of the defendant commenced approximately one month after the date of the offense charged, when the complaint and warrant were issued, see RSA 625:8, V, and because the statute of limitations is tolled "[d]uring any time when a prosecution is pending against the accused," RSA 625:8, VI(b), the trial court correctly determined that prosecution of the defendant was not time-barred, and that "any delay in actually arresting the Defendant is not relevant to the analysis." See State v. Maxfield, 167 N.H. 677, 680-81 (2015) (observing that the statute does not require that a warrant, once issued, be executed within a reasonable period of time, nor that it be executed prior to the expiration of the limitations period). Accordingly, the defendant cannot prevail on this claim of error unless he can show that "actual prejudice has resulted from [the] delay." See Philibotte, 123 N.H. at 244. Here, however, the trial court expressly found that "there was no prejudice to the Defendant," and, because the defendant has not provided a transcript of the trial, "we must assume that the evidence was sufficient to support the result reached by the trial court." Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

Next, we consider the defendant's argument that his right to a speedy trial was violated as a result of the delays in this case. He contends that, following his arrest, the complaint was not filed with the trial court in a timely manner pursuant to New Hampshire Rules of Criminal Procedure 3(c), 4(a), 4(b), 10(a), and 10(c), as well as 18 U.S.C. § 3161 (2018), and that, had the State filed the complaint as required, the trial would have taken place before it became necessary to delay it further due to the COVID-19 pandemic. Further, he argues that the right to a speedy trial is intended, at least in part, "to minimize anxiety

3

and concern accompanying public accusation," United States v. Ewell, 383 U.S. 116, 120 (1966), and notes that the complaint that he was served with contained an incorrect trial date — one that was before the State had filed the complaint — and that that error caused him considerable stress and anxiety when he learned that there were no court proceedings on that date. He notes that he feared the prospect of "a possible warrant for his arrest being issued because of missed date on a fictitious court date issued by [the deputy]," and that he "pleaded with the Court Clerk as to any effort he could make to prevent his potential arrest." In sum, he argues that the State's "egregious persistence in failing to prosecute undoubtedly indicates prejudice towards the defendant," and that the State's "lack of due diligence, [and] bad faith efforts combine to present an oppressive delay."

In determining whether a defendant's right to a speedy trial has been violated under the Federal Constitution, we apply the four-part test articulated in Barker v. Wingo, 407 U.S. 514, 530 (1972). State v. Lamarche, 157 N.H. 337, 342 (2008). "The test requires that we balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant caused by the delay." Id. "We defer to the trial court's factual findings unless those findings are clearly erroneous, and consider de novo the court's conclusions of law with respect to those factual findings." Id. at 342-43.

Here, an analysis of the defendant's speedy trial claims would necessarily require us to consider whether the evidence was sufficient to support the trial court's challenged findings that, for example: "there was no prejudice to the Defendant"; that "the reason for the trial delay is a valid reason not attributable to either the State or the Defendant"; and that, "[u]ntil today, [the defendant] has not asserted a speedy trial violation with regard to scheduling his trial." However, without a transcript of the trial, "we must assume that the evidence was sufficient to support the result reached by the trial court." Bean, 151 N.H. at 250. Accordingly, with respect to this issue, we must find that the defendant, as the appealing party, has failed to carry his burden of demonstrating reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014).[2]

---

[2] We also note that 18 U.S.C. § 3161 does not govern state court proceedings. State v. Cole, 118 N.H. 829, 831 (1978) (observing that "unlike the federal courts, our courts do not work under fixed deadlines in speedy trial cases"). Additionally, the defendant's reliance on Rules 4 and 10 of the New Hampshire Rules of Criminal Procedure is misplaced because: (1) Rule 10 only applies to the superior court, see N.H. R. Crim. P. 10; (2) the complaint was filed more than 14 days in advance of the arraignment, see N.H. R. Crim. P. 4(a)(1); and (3) the arraignment took place more than thirty-five days after the defendant was served, see N.H. R. Crim. P. 4(b)(1).

With respect to Rule 3(c) — which provides, in pertinent part, that, "[w]hen a person is arrested with a warrant, the complaint, and the return form documenting the arrest shall be filed in a court of competent jurisdiction without unreasonable delay" — we cannot conclude, without a transcript of the trial, that the State's delay in filing the complaint was unreasonable

4

Lastly, we consider the defendant's argument that the evidence was insufficient to support the trial court's determination that he was guilty of criminal trespass. See RSA 635:2. He contends that a video of the incident, which was introduced as evidence at trial, demonstrates that he did not "remain" on the property long enough to constitute criminal trespass. However, absent a copy of the video, and absent a transcript of the hearing, "we must assume that the evidence was sufficient to support the result reached by the trial court," Bean, 151 N.H. at 250, and therefore conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Cable, 168 N.H. at 677.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

as a matter of law, especially in light of the court's finding that the defendant suffered no prejudice.